BERRIDGE v THORPE ELECTRIC COMPANY

Docket No. 56086. Submitted February 3, 1982, at Grand Rapids.—
Decided April 6, 1982. Leave to appeal applied for.

George Berridge was injured when a die-casting machine that he
was operating malfunctioned. Berridge's employer had hired
Thorpe Electric Company, a licensed electrical contracting
company, to rewire the machine so that it would operate
without safety doors. Berridge and his wife filed suit against
Thorpe in Kent Circuit Court alleging that the defendant's
employees were negligent in rewiring the die-cast machine so
that it would operate when the safety doors were removed. The
court, Roman J. Snow, J., entered a judgment for the defendant
on a jury verdict of no cause of action. The plaintiffs appeal
alleging that: (1) the verdict was against the great weight of the
evidence and that the trial court should have granted the
plaintiff a new trial; (2) the trial court erred by allowing the
question of George Berridge's negligence to be submitted to the
jury; and (3) the trial court erred by refusing to rule prior to
the trial on the question of the defendant's legal duty. *Held:*

1. The jury had a number of reasons to find for the defendant
and thus the verdict was not against the great weight of the
evidence. There were several disputed questions of fact and the
trial judge did not err by refusing to grant a directed verdict or
new trial for the plaintiffs.

2. The jury specifically found that the defendant was not
negligent. Therefore, the jury never reached the question of
plaintiff George Berridge's contributory negligence. Any error,
if it was error to instruct the jury on contributory negligence,
would be harmless.

3. The plaintiffs cite no authority or policy argument on their
claim that the trial court erred by refusing to rule prior to the
trial on the question of the defendant's legal duty. Appellate
review of the issue is precluded.

Affirmed.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 75 Am Jur 2d, Trial § 481.
[2] 5 Am Jur 2d, Appeal and Error § 500.

1. JUDGES — DIRECTED VERDICTS.

   A trial judge does not err in refusing to grant a directed verdict for a party to a lawsuit and submitting the case to the jury where there are several disputed questions of fact.

2. APPEAL — PLEADING — PRESERVING QUESTION.

   Failure of an appellant to cite authority for his position on an issue is sufficient to preclude appellate review of that issue.

*Mohney, Goodrich & Titta, P.C.* (by *Bruce W. Neckers* and *Robert J. Dugan),* for plaintiffs.

*Cholette, Perkins & Buchanan* (by *Edward D. Wells),* for defendant.

Before: ALLEN, P.J., and R. B. BURNS and J. H. GILLIS, JJ.

R. B. BURNS, J. Plaintiff George Berridge was injured when a die-casting machine malfunctioned. A jury returned a verdict of no cause of action in favor of the defendant. The jury specifically found that the defendant was not negligent. Plaintiffs appeal and we affirm.

The testimony established that Auto-Cast, Inc., plaintiff George Berridge's employer, purchased a 1963 rebuilt Wickes die-cast machine from John Cummings, an owner of an industrial engineering firm. At the time the machine left the possession of Cummings, the machine complied with the American National Standards Institute safety requirements. The machine was equipped with limit switches and safety doors. When the safety doors were open, the limit switches turned on and the machine would not operate. The machine also was equipped with a dual push-button mechanism.

After the machine was delivered to Auto-Cast, Inc., Cecil San Miguel, chief of maintenance, on orders of Don Pinkney, maintenance foreman, re-

moved the safety doors and hooked up the machine.

Defendant, a licensed electrical contracting company, was hired by Auto-Cast, Inc., to rewire the machine so that it would operate without the safety doors on the machine, effectively bypassing the limit switches. All of the die-cast machines in Auto-Cast's plant had the safety doors removed.

Plaintiff George Berridge was a general foreman at Auto-Cast on the day of the accident. As he was making his rounds, an operator stated that he was having trouble with his die machine. Plaintiff George Berridge tested the machine. When he reached into the machine to remove a part, the machine closed, injuring his hand.

Plaintiffs sued the defendant claiming that the defendant was negligent when its employees rewired the die machine in such a way as to allow the machine to operate when the safety doors were removed.

There was testimony supporting both parties' views, although there was testimony that Michigan OSHA requirements provide that only one of three alternatives must be provided on such a machine. The dual push-button is one of the recognized safety devices.

On appeal, plaintiffs claim that the verdict was against the great weight of the evidence and that the trial court should have granted the plaintiffs a new trial.

A review of the record reflects the fact that the jury had a number of reasons to find for the defendant. It is clear that the defendant did not remove the safety doors or the limit switches. Also, although it was disputed, evidence was adduced at the trial that showed that it is a perfectly common practice for an electrician to close a cir-

cuit at an owner's request. Because the safety doors were already gone, the only way to get the machine to run would be to wire around the limiting switches controlled by the opening and closing of the doors. One witness even testified that none of the die-casting businesses in the area had safety doors on their machines. Finally, the machine on which plaintiff George Berridge was injured was equipped with dual push-button controls, which complied with the Michigan OSHA.

There were several disputed questions of fact and the judge did not err by refusing to grant a directed verdict for the plaintiff. It was proper for the case to be submitted to the jury.

Plaintiffs also claim that the trial judge erred by allowing the question of George Berridge's negligence to be submitted to the jury. Plaintiffs claim that under Michigan's statute on products liability, MCL 600.2945; MSA 27A.2945, contributory negligence on the part of a plaintiff does not bar his recovery.

Defendant argues that the present case involves a "service" rendered by the defendant and is not a "products" situation.

In our opinion, it is not necessary for this Court to determine whether the case falls within products liability or negligence. The jury specifically found that the defendant was *not negligent*. Therefore, the jury never reached the question of plaintiff George Berridge's contributory negligence and any error, if it was error to instruct the jury on contributory negligence, would be harmless.

Lastly, plaintiffs claim that the trial court erred by refusing to rule prior to the trial on the question of defendant's legal duty.

Plaintiffs cite no authority or policy argument to

support their position. Such practice precludes appellate review. *Stanek v Bergeon,* 89 Mich App 283; 279 NW2d 296 (1979).

Affirmed.